IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE RUFFNER                  *
                                  *
v.                                *   Civil Action No. WMN-13-3705
                                  *
WALDORF, INC.                     *
                                  *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM AND ORDER**

Before the Court is "Plaintiff's Motion for Reconsideration of Judge's December 29, 2014 Order Dismissing this Case with Prejudice and Request that the Court Re-Open the Case." ECF No. 26. Defendant filed an Opposition to the Motion, ECF No. 28, and Plaintiff filed a Reply in further support of the motion. ECF No. 29. Upon review of the motion, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be denied.

The following course of events led to the dismissal of this action. Plaintiff filed this suit on December 9, 2013, and was initially represented by attorney Jamon Wiggs. After a motion to dismiss was filed by Defendant and denied by the Court, the parties filed a consent motion to have the case referred to a Magistrate Judge for settlement. ECF No. 14. The case was referred to Magistrate Judge Timothy Sullivan and a settlement conference was scheduled for September 30, 2014. On June 1, 2014, Derrick Hamlin entered his appearance on behalf of

Plaintiff and Mr. Wiggs withdrew his appearance shortly thereafter. The settlement conference was held on September 30, 2014, but the case did not settle.

On November 14, 2014, I sent a letter to counsel explaining that I understood that the settlement conference was unsuccessful and accordingly, "I will be issuing a scheduling order today so that this case could proceed." ECF No. 20. I issued a scheduling order on that same date requiring, inter alia, that counsel meet and confer and submit a joint status report on or before November 28, 2014. ECF No. 21. On November 29, 2014, counsel for Defendant submitted a status report detailing his unsuccessful efforts to obtain a response from Plaintiff's counsel to the Court's requests. ECF No. 22. These efforts included attempts by both telephone and email, and counsel reported leaving a message with Mr. Hamlin's assistant stressing the need to meet and confer as per this Court's order.

On December 3, 2014, the Court issued a letter order instructing Mr. Hamlin to submit a response to the Court's previous order on or before December 8, 2014, along with an explanation as to why he failed to meet, confer, and respond in a timely manner. ECF No. 23. Mr. Hamlin failed to respond and on December 19, 2014, Defendant filed a motion to dismiss for lack of prosecution. ECF No. 24. The Court issued an order

granting that motion and dismissing this case on December 29, 2014, having received no response from Mr. Hamlin.

On January 13, 2015, Mr. Hamlin filed the pending motion for reconsideration of that order. In that motion, Mr. Hamlin proffers a number of different explanations for his failure to respond to the Court's order or Defendant's Motion to Dismiss including: (1) problems with his email service; (2) his "impression that the parties had already consented to a magistrate judge and that opposing counsel was going to file that information with the Court;" (3) his belief that the case was already referred to a Magistrate Judge and that the Magistrate Judge would be issuing a new scheduling order; (4) that he "misunderstood" that the "Initial Report" that was required to be filed by November 28, 2014, under the Scheduling Order issued by the undersigned was somehow the same as the "Status Report" that was not due until March 30, 2015, and, therefore, he was under the impression that nothing was due until the end of March; and (5) that "Plaintiff's attorney was very busy during this time" and was "out of the office the majority of the time." Sadly, Mr. Hamlin also reports that his father died on December 19, 2014, after a long illness and that this adversely impacted his ability to maintain his practice.

While the Court is certainly sympathetic to Mr. Hamlin's loss and understands how the death of a parent would have some

3

impact on counsel's ability to respond to his professional obligations, Mr. Hamlin's remaining assortment of explanations for his failure to meet those obligations raise troubling contradictions and inconsistencies. Notably, Mr. Hamlin states that he "was unable to access or receive emails from about December 2nd or 3rd to about January 3rd or 4th." ECF No. 26-1 at 4. His email problems would have had no impact on his receipt of the Court's letter and Scheduling Order on November 14, 2014, opposing counsel's efforts to contact him to meet and confer, or opposing counsel's initial report detailing his unsuccessful efforts to contact Mr. Hamlin. Nor would email problems have prevented him from responding to telephone calls or the message left with his assistant. His claim that he believed that no initial report was due is belied by his statement that he understood that opposing counsel was going to file the consent to proceed before a Magistrate Judge. Furthermore, the Court's November 14, 2014, letter, ECF No. 20, along with the parties' course of dealings, should have made it abundantly clear that the prior referral to a Magistrate Judge was for the purpose of settlement and that the case was going forward before the undersigned unless and until the Court received notice of the consent of both parties to refer the case to a Magistrate Judge for all proceedings.

Because Plaintiff seeks relief from a final judgment, Plaintiff's motion is governed by Rule 60(b)(1) of the Federal Rules of Civil Procedure. Motions for reconsideration are "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Although Plaintiff's counsel does not identify precisely on which basis under that Rule he seeks to justify the relief requested, "excusable neglect" would seem the most likely candidate. The Supreme Court has articulated four factors to be considered in determining whether excusable neglect has occurred: [1] danger of prejudice to the non-movant, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Fourth Circuit has noted "that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (citing Pioneer, 507 U.S. at 392). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Id. at 534. Furthermore, the Fourth Circuit has made it clear "that it [is] appropriate to hold a client accountable for the mistakes of

counsel." Id. at 533 (citing Pioneer, 507 U.S. at 396-97); see also Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir.1989) (holding that "a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)").

The Court concludes that Plaintiff's counsel has not demonstrated excusable neglect so as to justify the extraordinary remedy requested. If personal obligations prevented counsel from attending to his pending case load, he certainly could have sought, and most likely would have been granted the necessary extensions. His inconsistent explanations for not doing so seem somewhat contrived and certainly do not meet his burden for relief from this Court's prior order.

Accordingly, IT IS this 31st day of March, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's motion for reconsideration, ECF No. 26, is DENIED; and

(2) That the Clerk of the Court shall transmit a copy of this Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge